



U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

NOV 3 0 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Webb, et al

versus

LaSalle, et al

Civil Action No. 12-0897

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion To Dismiss Complaint [Rec. Doc. 3] and Motion For Sanctions Under Rule 11 [Rec. Doc. 4] filed by defendants Patterson Police Department, Police Chief Patrick LaSalle and Judge Joseph P. Morella and Plaintiffs' Memoranda in Opposition [Rec. Doc. 23 & 24]; a Motion To Dismiss filed by St. Mary Parish School Board, Supervisor of Child Welfare, Kenneth Lockett, and Principal, Niki Fryou, [Rec. Doc. 10], Plaintiffs' Memorandum in Opposition [Rec. Doc.] and the School Board Defendants's Reply thereto [Rec. Doc. 25]; a Motion To Dismiss Complaint filed by defendants Bourgeois Medical Clinic, Dr. Robert Bourgeois, Dr. Melvin Bourgeois and "Dr. John Doe" [Rec. Doc. 20] and Plaintiffs' Memorandum in Opposition [Rec. Doc. 33]; Defendants the Morgan City Police Department and "Officer John Doe's" Motion To Dismiss Pursuant [sic] Rule 12(b)(6) [Rec. Doc. 27]; and, Plaintiffs' Memorandum in Opposition [Rec. Doc. 32]. For the following reasons, all of the Defendants' motions to dismiss will be granted and Morella and LaSalle's motion for sanctions will be granted.

### *Background*

Plaintiffs Belva Webb and Faith Web filed this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging violations of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as well as violations of the Louisiana Constitution, and asserting claims under various theories of state tort law. *R.* 1, ¶¶ 3A, 3D and 38-45. Plaintiffs contend that defendants, Joseph P. Morella; the Patterson Chief of Police, Patrick LaSalle; the St. Mary Parish Board, Supervisor of Child Welfare, Kenneth Lockett, and Principal Niki Fryou; the Bourgeois Medical Clinic, Dr. Melvin Bourgeois, Dr. Robert Bourgeois and "Dr. John Doe" (sometimes referred to as the "Bourgeois Defendants"); and the Morgan City Police Department and "Officer John Doe" all conspired to violate the civil rights of Belva Webb, a St. Mary School District crossing guard. There is no allegation of conspiracy to violate any of plaintiff Faith Webb's civil rights.

Plaintiffs allege that the purpose of the conspiracy was to gain an advantage in a prior action filed by plaintiffs against defendant Morella, *Webb v. Morella*, 10-cv-1557, ("the prior suit").[1] In the action *sub judice*, plaintiffs' allege the defendants conspired with LaSalle and Morella, to have Webb fired by the School District on the grounds that he was an illegal drug user and thereby gain an advantage for Morella in the prior suit. The alleged conspiracy

---

[1] In *Webb v. Morella*, 10-cv-1557, plaintiffs accused Morella, while acting as the Webb's closing attorney in a real estate transaction with LaSalle, of civil rights violations and "hate crimes." The action was dismissed by the Court on May 8, 2012 following a hearing on April 19, 2012 where, after considering oral arguments, the Court granted defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and Motion for Sanctions Under Rule 11. *R. 41, 44.* Plaintiffs filed an appeal of the Court's ruling on June 4, 2012. *R. 45.*

involved having Webb take a drug test at the Bourgeois Medical Clinic where a physician, "Dr. John Doe," falsified the test results and then immediately contacted the Morgan City Police Department in order to inform an officer, "Officer John Doe," that Webb was on "heroin, opiates, cocaine, alcohol and other illegal drugs." *Id., at ¶¶ 8, 23-25.*

Specifically, plaintiffs allege that, at the personal insistence of Police Chief LaSalle, Fryou and Lockett of the St. Mary School District instructed Webb to go to the Bourgeois Medical Clinic in Morgan City for a drug screen and told him he could not return to work until they had the results. *Id., at ¶¶ 24-17.* Plaintiffs further allege that Webb learned of the drug screen request and arranged with his attorney to have an initial drug screen at an "independent clinic" prior to the test at the Bourgeois Medical Clinic. *Id., at ¶¶ 15, 19, 21.* Plaintiffs allege "Dr. John Doe" told "Officer John Doe" of the Morgan City Police Department that Webb tested positive for "heroin, opiates, cocaine, alcohol, and other illegal drugs." *Id., at ¶¶ 23-24.* Thereafter, Webb's wife, Faith Webb, picked him up at the Bourgeois Medical Clinic and took him back to the "independent clinic" where he was tested for a third time. Plaintiffs allege that the "independent clinic" drug screens were negative. *Id. at 21, 24, 33.* Ultimately, plaintiffs allege, the falsified drug test led to Webb's termination as a crossing guard, criminal charges against him, and "humiliating him and his family in the church and local community." *Id. at ¶ 5.*

Plaintiffs, Belva and Faith Webb filed a verified Original Complaint on April 16, 2012, alleging claims under 42 U.S.C. §§ 1983, 1985 and 1986 for violations under the

3

Fourth, Fifth, Eighth and Fourteenth Amendments as well as various State law claims. Plaintiffs named as defendants the Patterson Police Department, Patterson Police Chief, Patrick LaSalle, individually and in his official capacity, "Judge Joseph P. Morella"[2]; the St. Mary Parish School District School Board, Kenneth Lockett and Principal Niki Fryou; the Bourgeois Medical Clinic, LLC, Dr. Robert M. Bourgeois, Dr. Melvin G. Bourgeois, and "Dr. John Doe"; the Morgan City Police Department and Police "Officer John Doe," individually and in his official capacity; and "XYZ Insurance Companies." *Id.,* ¶ *3.*

### *Analysis*

Plaintiffs allege causes of action against all defendants pursuant to (1) 42 U.S.C. §§1983, 1985 and 1986, for "false arrest and malicious prosecution," as well as violation of their rights under the "Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States"; (2) the Louisiana State Constitution "Art. 1 § 2 (due process), § 3 (right to individual dignity); § 5 (right to privacy), § 19 (right to judicial review); § 20 (right to human treatment), and § 22 (access to courts)"; and (3) state law claims under "LSA-R.S. 14:36 (assault), LSA-R.R.14:40 (intimidating by officers); LSA-C.C. art. 2315 (liability for acts causing damages), (abuse of process and negligent misinformation)." *R. 1,* ¶¶ *39-44.* Each of the defendants filed a motion to dismiss all of plaintiffs' claims under Rule 12(b)(6) for failure to state a claim against them. In addition to their motion to dismiss, defendants

---

[2] In their prior complaint against Morella, 10-cv-1557, plaintiffs named Morella "in his individual capacity only and not in any aspect of his capacity as judge." In this action plaintiffs specifically name "Judge Joseph P. Morella" as a co-conspirator with LaSalle. *R.1,* ¶*3D.*

LaSalle and Morella filed a motion for sanctions pursuant to Rule 11. The Court will consider the motions in turn.

### *Motions To Dismiss*

#### A. Standard

When considering a motion to dismiss, a court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," *Id. at 555*, and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. at 663*. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal

relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556. See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008). When deciding a motion to dismiss, the court may consider documents attached to or incorporated in the complaint. *U.S. ex rel. Williard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

## B. Sections 1985 and 1986 Claims

Plaintiffs contend that the defendants' conduct violated 42 U.S.C. §§ 1985 and 1986. These two sections are directed at conspiracies to interfere with civil rights. Part of the Civil Rights Act of 1871, 42 U.S.C. § 1985 creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights. Only Subsection (3) is applicable to plaintiffs' claims, and all defendants argue that plaintiffs have failed to allege facts sufficient to set forth the requisite allegation of discrimination to establish a claim under § 1985(3). [3]

In the Fifth Circuit, a § 1985(3) claim must allege that "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and

---

[3] Subsection (1) prohibits conspiracies to prevent federal officers from performing the duties of their offices "by force, intimidation, or threat;" Subsection (2) concerns conspiracies directed at the right of participation in federal judicial proceedings; and Subsection (3) prohibits conspiracies to "depriv[e] . . . any person or class of persons the equal protection of the laws" and those aimed at preventing a person from lawfully voting. *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 149 (5th Cir. 2010).

exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus." *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989); *see, also, Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010).

In this case, the plaintiffs have not alleged that the conspiracy to violate Belva Webb's civil rights was motivated by racial animus, alleging instead that the conspiracy's motivation was to discredit Webb, thereby somehow gaining an advantage for Morella in *Webb v. Morella, et al, Docket No. 10-cv-1557*, and to retaliate against Webb by having the school district terminate his employment for false reasons. *R. 1, ¶¶ 5 & 6.* Nor have plaintiffs plead sufficient facts to support the claim that any of the defendants agreed among themselves or with others to commit an illegal act and thus deprive Webb of his constitutional rights.[4] The Court finds that the plaintiffs have not alleged facts sufficient to state a valid claim under § 1985(3).

Because plaintiffs have failed to state a claim under § 1985, they have no claim under § 1986. *See Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir.2010) The Fifth Circuit has held that "a valid § 1985 claim is a prerequisite to a § 1986 claim." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir.2000); *accord Lockett*, 607 F.3d at 1002. Thus, "[h]aving failed to demonstrate a claim under § 1985, by definition [plaintiffs] cannot sustain a claim under § 1986." *See, id* (citing *Newberry v. East Texas State University,* 161

---

[4] While plaintiff allege that "LaSalle personally asked officials with the St. Mary Parish School Board to have Belva Webb sent for drug screening testing," plaintiffs provide nothing to indicate that the "officials" were defendants Lockett and/or Fryou. *R. 1, ¶ 8.*

F.3d 276, 281 n. 3 (5th Cir.1998)).  The Court will therefore dismiss plaintiffs' claims under

sections 1985 and 1986.

## C. *Section 1983 Claims*

Section 1983 does not create substantive rights; it is a procedural rule that provides

a private cause of action for redressing a violation of federal law. *Southwestern Bell*

*Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008); Therefore, an

underlying constitutional or statutory violation is a predicate to any theory of liability under

§ 1983. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989).

Generally, three elements must be established in a §1983 action:  (1) deprivation of a right

secured by federal law, (2) that occurred under color of state law, and (3) was caused by a

state actor. *Id*.

### 1. United States Constitutional Rights

Plaintiffs allege deprivation of their rights under the Fourth, Fifth, Eighth and

Fourteenth Amendments to the United States Constitution.  Defendants assert that plaintiffs'

claims under the Fourth, Fifth and Eighth Amendments must be dismissed as plaintiffs have

alleged no facts which implicate these Amendments.  The Fourth Amendment guarantees the

right to be free from unreasonable search, seizure, and detention, excessive use of force and

false arrest and imprisonment.  The Fifth Amendment[5] guarantees the right to a grand jury

---

[5] The Fifth Amendment of the Constitution of the United States provides that, "No person
shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or
indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia,
when in actual service in time of War or public danger; nor shall any person be subject for the

for capital crimes; prohibition against double jeopardy; prohibition against self-incrimination; that all criminal defendants will have a fair trial; due process in federal cases; and, that the government will not seize private property without paying market value.  The Eighth Amendment[6] provides protection against cruel and unusual punishment and is limited to convicted prisoners.  Plaintiffs contend that a conspiracy existed among the defendants to falsify Belva Webb's drug test in order for Morella to gain an advantage in the prior lawsuit. As plaintiffs's Complaint contains no factual allegations related to the Fourth, Fifth or Eighth Amendment, the Court finds that plaintiffs have failed to allege violations under these Amendments.

Plaintiffs also claim that defendants' alleged tortious acts constituted a violation of their substantive due process rights under the Fourteenth Amendment.  A substantive due process violation requires more than an ordinary tort to be actionable; there is a violation only if the challenged conduct "can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847  (1998). Recently, in *Doe ex rel. Magee v. Covington County School District ex rel. Keys*, the Fifth Circuit described this standard, stating,

---

same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation."

  [6]  "The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees such as the plaintiffs." *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

Conduct sufficient to shock the conscience for substantive due process purposes has been described in several different ways. It has been described as conduct that "violates the decencies of civilized conduct"; conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency"; conduct that "interferes with rights implicit in the concept of ordered liberty"; and conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience".... As one court has recently summarized, "[t]he burden to show state conduct that shocks the conscience is extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith to something more egregious and more extreme." (Internal citations omitted).

675 F.3d 849, 867–868, (5th Cir.2012).

In support of their positions that plaintiffs allegations of tortious acts by any of the defendants fail to state a plausible claim for relief, defendants cite the Exhibits which form part of plaintiffs' Original Complaint. *R. 1-2.* Exhibit 2 consists of a School District memo stating that the drug testing was performed because of parental concerns that Webb was "under the influence" and appeared "unstable while crossing children in the safety zone." *R. 1-2.* Thus, plaintiffs allegations of tortious acts by the defendants do not rise to the level of a conscience shocking substantive due process violation. The Court finds that plaintiffs have also failed to allege violations under the  Fourteenth Amendment.

Based on the foregoing, plaintiffs have failed to allege a valid constitutional violation in this action.  However, assuming *arguendo* that plaintiffs have alleged a  deprivation of a right secured by federal law, the Court will consider the defendants motions to dismiss as to plaintiffs' § 1983 claims against them.

## 1. *Patterson Police Department, Lasalle and Morella*

Defendants assert that the Patterson Police Department should be dismissed because it is merely a department of the local governing body rather than a juridical entity capable of being sued. Under Louisiana law, police departments are not juridical entities capable of suing or being sued. La. R.S. 33:361. Louisiana courts, have consistently held that a plaintiff's suit against a police department should be dismissed because the police department is not a juridical entity. *Dugas v. City of Breaux Bridge Police Department*, 757 So.2d 741, 744 (La.App. 3 Cir. 02/02/00). As such, defendants' motion to dismiss plaintiffs' claims against the Patterson Police Department will be granted.

Insofar as plaintiffs are seeking damages against Chief LaSalle in his official capacity, an official-capacity claim against LaSalle is a claim against the City of Patterson itself. It is well established that "[i]n order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the [constitutional] violation at issue, or that her injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162 (5th Cir. 1997) (internal citations omitted)). As plaintiffs' allegations make no mention of any policy or custom related to their claims, they have failed to state a

11

proper claim against Chief LaSalle in his official capacity.

Plaintiffs contend they were the victims of a conspiracy between Chief LaSalle and Morella who used their authority and resources to fabricate Webb's drug test in order to gain some undisclosed advantage in the Webbs' prior lawsuit against Morella. In addition to the three elements necessary to assert a § 1983 claim listed above, in order to prevail on a § 1983 conspiracy claim, plaintiffs must establish "'the existence of (1) an agreement to do an illegal act and (2) an actual constitutional deprivation.'" *Whisenant v. City of Haltom City*, 106 F. App'x 915, 917 (5th Cir.2004) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.1994). Mere allegations that a conspiracy existed are insufficient. "A plaintiff must allege specific facts to show an agreement." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir.2008) (quotation omitted). The Complaint fails to provide any factual allegation of Morella's involvement in the allegedly fabricated drug results. The only allegation against LaSalle is that he personally asked "officials" with the St. Mary Parish School Board to have Webb sent for a drug screen. This allegation, however, is contradicted by the plaintiffs' own Exhibit made part of their Original Complaint. *R. 1, Exh. 1-2.* There is no other indication as to any facts that this conversation between LaSalle and the school "officials" took place. Finally, plaintiffs have failed to allege that Morella and LaSalle entered into any agreement whatsoever with the co-defendants. As plaintiffs' Complaint fails to raise a reasonable expectation that discovery will reveal relevant evidence of the elements of their § 1983 claim of conspiracy between Morella and LaSalle, this claim must be dismissed.

Plaintiffs allege that Morella used his authority as a judge[7] to violate the plaintiffs' constitutional rights. In order to state a § 1983 cause of action against Morella, plaintiffs must show that Morella conspired to deprive them of a Constitutional right - not merely that he held the position of judge.   The Court finds there are absolutely no facts alleged in the Complaint to suggest that Morella had anything to do with the drug testing of Webb in his judicial capacity or otherwise.   The only facts pleaded that Morella was involved center around the motive.   There is no evidence of any communication between Morella and the other defendants, nor any indication of his knowledge that these results would be "fabricated."   Even assuming *arguendo* that Morella had been acting in a judicial capacity at the time of the alleged constitutional violation,[8] "[J]udicial officers are entitled to absolute immunity from damages in § 1983 actions arising out of all acts performed in the exercise of their judicial functions." *Hosseini v. Sharp*, 216 Fed. Appx. 2392 (5th Cir. 2006) (citing *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir.1995)).

### 2. St. Mary Parish School Board

A local governmental entity, such as the St. Mary Parish School Board can be sued

---

[7] Morella, a practicing Louisiana lawyer, also serves as a magistrate on the Mayor's Court for the Louisiana towns of Patterson and Berwick. *Webb v. Morella,* 457 Fed. Appx. 448, 450 (5th Cir. 2012).

[8] In determining whether a judge's actions were "judicial in nature," the court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina v. Gonzales,* 994 F.2d 1121, 1124 (5th Cir. 1993).

and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Liability of the school district under section 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of a constitutional right whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) (citation omitted). Here, the Complaint fails to allege any of the three attribution principles. The Court therefore concludes that the plaintiffs have failed to allege a section 1983 action against the St. Mary Parish School Board.

As to the plaintiffs' claims against Lockett and Fryou, the School District asserts that the School District employees are entitled to qualified immunity. School officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. *Hassan v. Lubbock Independent School Dist.*, 55 F.3d 1075, 1080 (5th Cir. 1995).

While plaintiffs allege constitutional violations of the Fourth, Fifth, Eighth and Fourteenth Amendments and name Lockett and Fryou as defendants, they fail to provide any factual specificity as to Lockett and Fryou. Instead, plaintiffs claim that *all defendants* conspired to violate Webb's constitutional rights. Plaintiffs fail to plead facts to state a claim that is plausible on its face. Specifically lacking are factual allegations that the School Board

14

agreed with others to commit an illegal act and that Lockett or Fryou had any communications with Morella, LaSalle, Dr. Robert Bourgeois, Dr. Melvin Bourgeois, "Dr. John Doe" or anyone at the Morgan City Police Department. While plaintiffs' allege Police Chief LaSalle personally asked "officials" with the St. Mary Parish School Board to have Webb sent for drug testing, plaintiffs do not identify the "officials" as defendants, Fryou and Lockett.

Citing the Exhibits made part of plaintiffs' Complaint, *R. 1-2*, the School Board argues that the Exhibits contradict plaintiffs' allegations. A February 16, 2012 Memo which was signed by all parties including Webb, states that the catalyst for Webb's drug testing was not a call from Chief LaSalle as alleged, but rather, concerns from parents. The Memo further states that the purpose for the drug testing was specifically discussed. *Id.* Plaintiffs also attached correspondence from Lockett to Webb dated February 23, 2012 and February 28, 2012 ("Amended"), which state that the results given to the School Board did not indicate that Webb was positive for "heroin, opiates, cocaine, alcohol" use, as plaintiffs' allege, but instead that Webb's prescribed medication was "safety sensitive" and that he should not be performing work duties. *Id.* Webb was advised that he should not return to work as a school crossing guard until he had written notification from his physician releasing [Webb] to perform [his] crossing guard duties." *Id.* The school did not terminate Webb, but instead suspended him because his medication was "safety sensitive."

Based on the foregoing, the Court finds that plaintiffs have failed to state a plausible

claim for relief against the St. Mary Parish School Board, Lockett and Fryou.

### 3. *Bourgeois Medical Clinic, Dr. Melvin Bourgeois, Dr. Robert Bourgeois and Dr. John Doe*

Plaintiffs allege that the Bourgeois Medical Clinic, as the employer of Dr. John Doe, is liable under § 1983. As provided in the foregoing, an entity such as the Medical Clinic, is liable under § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiffs do not allege that Bourgeois Medical Center had an official policy or custom which directly caused the violation of Webb's civil rights, rather plaintiffs allege the Medical Center's liability is based upon an unspecified act of "Dr. John Doe." Thus, plaintiffs claims against the Bourgeois Medical Clinic will be dismissed.

Defendants contend that because Drs. Melvin Bourgeois, Dr. Robert Bourgeois and "Dr. John Doe" are not state actors as required by § 1983, plaintiffs' action against them must be dismissed. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The doctors are neither government employees nor officials. They are private parties. "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Both the Supreme Court and the Fifth Circuit have recognized three tests for determining whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test. *Id.* at 939; *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241–42 (5th Cir.1999). Under the public function test, a private entity may be considered a state actor if it performs a function that is traditionally "the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.2009) (overruled on other grounds). Under the state compulsion test, state action may be found when a state has exercised coercive power or provided such encouragement that the choice is deemed to be a choice of the state. *See Blum*, 457 U.S. at 1004. Finally, "[u]nder the nexus or joint action test, state action may be found where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise.'" *Bass* at 242.

Plaintiffs have alleged no facts to support a reasonable inference that Dr. Melvin Bourgeois, Dr. Robert Bourgeois or "Dr. John Doe" were acting under color of state law. Nor do plaintiffs allege that any of the doctors were acting under the color of any statute, ordinance, regulation, custom, or usage of any state. *See,* 42 U.S.C. § 1983. Accordingly, plaintiffs have failed to state a claim upon which relief may be granted against the doctors.

Finally, defendants contend there are no well-pleaded facts stating that there was an agreement of any kind between the Medical Clinic and its staff and any other co-defendant.

Relying upon the Exhibits made part of plaintiffs' Complaint, *R. 1-2,* defendants argue that the Exhibits show the true motive for the drug testing. Nor are there any factual allegation stating that the doctors purposefully falsified a drug test to violate any rights of Webb. Based on the foregoing, the Court finds that plaintiffs' claims against the Bourgeois Defendants must be dismissed for failure to state a claim against them.

## 4. *Morgan City Police Department and Officer John Doe*

Plaintiff named the Morgan City Police Department and "Officer John Doe" in this action. Defendants assert that the Morgan City Police Department is not a legal entity and does not have the legal capacity to be sued. In Louisiana, municipal police departments are not juridical persons with a distinct legal existence separate from the municipality, and are thus incapable of suing or being sued under. *See, e.g. Boudreax v. Bourgeois,* 1999 WL 804080, at *3 (E.D.La. Oct. 7, 1999) (Thibodaux Police Department is not juridical person). Here, it is undisputed that Morgan City is a municipality subject to governance through its home rule charter under the authority of article VI, Section 5, of the Louisiana Constitution of 1974. *R. 27, Exh. A.* The mayor is charged with the appointment of the chief of police, and therefore, the Morgan City Police Department does not have independent function separate and distinct from the city executive for purpose of being sued. *Id.* Accordingly, the motion to dismiss the Morgan City Police Department will be granted.

Also, to the extent that plaintiffs' allegations can be construed as a claim against Officer Doe in his official capacity, hence against the City of Morgan City, plaintiffs have

failed to sufficiently pled such a cause of action as plaintiffs' allegations make no mention of any policy or custom related to their claims.  *Spiller*, 130 F.3d at 167.

Plaintiffs allege that "Dr. John Doe" told "Officer John Doe" that "Webb was loaded with: heroin, opiates, cocaine, alcohol, and other illegal drugs" and that Officer Doe "told a number of people about the fabricated test results and has defamed Webb." *R. 1, ¶¶ 3, 24.* While plaintiffs fail to provide any specific facts related to these allegations, the Exhibits made part of the Original Complaint stating that Webb was suspended while taking prescription medication which were "safety sensitive," contradict plaintiffs' allegations of the "fabricated test results." *R. 1, Exh. 1-2.*  Officer Doe's actions in this instance are subject to qualified immunity unless plaintiffs demonstrate they incurred a constitutional violation. As the Court has found that plaintiffs have failed to demonstrate a constitutional violation, plaintiffs' claims under § 1983 must be dismissed.

## D. Malicious Prosecution Claims

Plaintiffs assert claims for malicious prosecution under § 1983.  The Fifth Circuit, however has declined to recognize an independent cause of action for malicious prosecution under § 1983. *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2003) (claimant must allege that officials violated specific constitutional rights in connection with a malicious prosecution).  Thus, plaintiffs' claims for malicious prosecution under § 1983  must be dismissed.

## E. Faith Webb's Claims

Plaintiffs' allegations as to Faith Webb indicate she had no involvement in this matter other than transporting Belva Webb from the Bourgeois Medical Clinic to the "Independent Testing Facility." The Complaint contains no allegations that Faith Webb was deprived of any rights secured under the United States Constitution. As a civil rights action is a personal right of action, Faith Webb has no right of action against defendants and her federal claims will be dismissed as to all defendants.

### F. State Law Claims

Plaintiffs further allege state law claims against all defendants under the Louisiana State Constitution: "Art. 1 § 2 (due process), § 3 (right to individual dignity); § 5 (right to privacy), § 19 (right to judicial review); § 20 (right to human treatment), and § 22 (access to courts), as well as Louisiana Revised Statutes 14:36 (assault) and 14:40 (intimidating by officers) and Louisiana Civil Code article 2315. As plaintiffs' federal claims will be dismissed, the Court will decline to retain supplemental jurisdiction over plaintiffs' remaining state law claims. 28 U.S.C. §1367. When all federal claims are dismissed, the district court enjoys "wide discretion in determining whether to retain jurisdiction over the remaining state law claims." *Martin v. Waring Investments Inc.*, 323 Fed.Appx. 313, *4 (5th Cir. 2009) (quoting *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994).

### Motion For Sanctions

Defendants, Joseph P. Morella and Patrick LaSalle, filed a Motion For Sanctions Under Rule 11 against the plaintiffs, Belva Webb and Faith Webb and their counsel Martin

E. Regan, Jr. and Daniel G. Abel On June 28, 2012, to which plaintiffs have filed an opposition. *R. 4; 24.* Rule 11 provides for sanctions against "the attorneys, law firms, or parties that have violated [the Rule] or are responsible for the violation." Fed. R. Civ. P. 11(c) (emphasis added). The Advisory Committee notes regarding the 1983 Amendment further make clear that,

> If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both, ... and the new rule so provides .... Even though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose a sanction on the client.

Fed. R. Civ. P. 11 Advisory Committee Notes. In *Jennings v. Joshua Indep. Sch. Dist.*, the Fifth Circuit approved sanctions against a client as well as his attorney, because both have a duty "to conduct a reasonable inquiry into the facts or law before filing the lawsuit." 948 F.2d 194, 197 (5th Cir.1991).

As previously noted, prior to filing this action, plaintiffs filed a lawsuit against defendant Joseph P. Morella in his capacity as an attorney representing plaintiffs in a real estate transaction with LaSalle. Civil Action No. 10-cv-01557. On April 19, 2012, the Court granted defendant's Motion to Dismiss and Motion for Sanctions Under Rule 11, dismissing plaintiffs' action for failure to state a claim and awarding attorney's fees "in the amount of $200.00 per hour for each hour spent pursuing the dismissal of the plaintiffs' federal causes of action, based on the Court's approval of defendant's itemized summary of fees and expenses." Defendant appealed the Court's Judgment to the United States Court of Appeals

21

for the Fifth Circuit, and it remains on appeal.

The record indicates that plaintiffs filed this action on April 16, 2012, three days prior to the Court's ruling on plaintiffs' prior lawsuit.  Plaintiffs again named Morella as a defendant but in his capacity as a judge rather than an attorney, and also named Patrick LaSalle, personally and in his official capacity as the Chief of Police of the Patterson Police Department.  As discussed in the foregoing, the Court has found that plaintiffs failed to plead "enough facts to state a claim to relief that is plausible on its face" as required under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and once again will dismiss plaintiffs' action for failure to state a claim for which relief could be granted.

Rule 11 imposes on trial courts an objective standard of reasonableness under the circumstances.  *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 873 (5th Cir.1988) ( en banc ).  The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis for the Rule 11 violation. In this case, that conduct consists of signing the complaint without making a reasonable inquiry into the law underlying the claim. Once the court determines that a violation of Rule 11 has occurred, the court "shall" impose sanctions. *Jennings v. Joshua Independent School Dist.*, 948 F.2d 194, (5th Cir. 1991).  "There are no longer any 'free passes' for attorneys and litigants who violate Rule 11." *Id.* (quoting *Thomas* at 876). "[T]he district court should carefully choose sanctions that foster the appropriate purpose of the rule, depending upon the parties, the violation, and the nature of the case." *Id.* (quoting *Thomas* at 877).

Based on plaintiffs' "sworn verification of facts" and their attorneys' filing of yet another lawsuit setting forth baseless, conclusory allegations contrary to the Rule 11 certifications made to the Court, the Court finds that both plaintiffs and their attorneys failed to conduct a reasonable inquiry into the facts or law before filing the lawsuit. Plaintiffs only purpose in bringing this action was to harass defendants. Accordingly, the Court will grant defendants' Motion for Sanctions as to the attorney's fees and costs directly caused by the filing of the baseless complaint in this action.

### *Conclusion*

Based on the foregoing, the Court finds that plaintiffs' Complaint fails to state a plausible claim for relief under §§ 1983, 1985, 1986 and malicious prosecution "under § 1983," and the Court will grant all of the defendants' 12(b)(6) Motions to Dismiss as to plaintiffs' Federal law claims and will dismiss plaintiffs claims with prejudice. The Court will decline to assert supplemental jurisdiction over plaintiffs' remaining state law claims and will dismiss these claims without prejudice. Finally, the Court will grant defendants, Morella and LaSalle's, Motion for Sanctions Under Rule 11.

RTK